# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1138V
Filed: January 30, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * | * | UNPUBLISHED |
| WALESKA AUGUSTIN *as personal* | * | |
| *representative of the Estate of* MARLIE | * | |
| EDDIA DULAURIER, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Joint Stipulation on Damages; |
| | * | Influenza ("Flu") Vaccine; |
| SECRETARY OF HEALTH | * | Anaphylaxis; Vocal Cord Paralysis |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * | * | |

Timothy M. Mahler, Rourke & Blumenthal, LLP, Columbus, OH, for petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON JOINT STIPULATION[1]**

On November 24, 2014, Marlie Eddia Dulaurier ("Dr. Dulaurier") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Following Dr. Dulaurier's death on December 26, 2015, Waleska Augustin ("petitioner") filed an amended petition as personal representative of Dr. Dulaurier's estate. See Amended Petition, filed Feb. 15. 2016. Petitioner alleged that as the result of the administration of an influenza ("flu") vaccine on December 11, 2012, Dr. Dulaurier suffered anaphylaxis with

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

vocal cord paralysis, Guillain Barré Syndrome ("GBS") and/or Transverse Myelitis ("TM"), gastroparesis, and death. Id. at 1-2.

On January 30, 2017, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent "agrees that Dr. Dulaurier suffered anaphylaxis with vocal cord paralysis lasting more than six months as a result of the flu vaccination administered to her on December 11, 2012, but denies that the flu vaccine caused Dr. Dulaurier to suffer GBS, TM, gastroparesis or any other injury and further denies that Dr. Dulaurier's death on December 26, 2015, was a sequela of a vaccine-related injury." Stipulation at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following in compensation:

a. **A lump sum of $500,000.00 in the form of a check payable to petitioner, as Personal Representative of the Estate of Marlie Eddia Dulaurier. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| WALESKA AUGUSTIN, as Personal Representative of the Estate of MARLIE EDDIA DULAURIER, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 14-1138V (ECF) <br> SPECIAL MASTER <br> THOMAS L. GOWEN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STIPULATION

The parties hereby stipulate to the following matters:

1. On or about November 24, 2014, Marlie Eddia Dulaurier ("Dr. Dulaurier"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly resulting from Dr. Dulaurier's receipt of the trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). Following Dr. Dulaurier's death on December 26, 2015, Waleska Augustin, as Personal Representative of the Estate of Marlie Eddia Dulaurier ("petitioner"), filed an amended petition on or about February 15, 2016, claiming compensation for Dr. Dulaurier's death.

2. Dr. Dulaurier received the flu vaccine on or about December 11, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Dr. Dulaurier suffered anaphylaxis with vocal cord paralysis, Guillain-Barré syndrome (GBS) and/or Transverse Myelitis (TM), gastroparesis, and death as a result of the administration of the flu vaccine she received on or about December 11, 2012.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Dr. Dulaurier's behalf as a result of her alleged injuries and death.

6. Respondent agrees that Dr. Dulaurier suffered anaphylaxis with vocal cord paralysis lasting more than six months as a result of the flu vaccination administered to her on December 11, 2012, but denies that the flu vaccine caused Dr. Dulaurier to suffer GBS, TM, gastroparesis or any other injury and further denies that Dr. Dulaurier's death on December 26, 2015, was a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $500,000.00 in the form of a check payable to petitioner, as Personal Representative of the Estate of Marlie Eddia Dulaurier, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Marlie Eddia Dulaurier's estate under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of Dr. Dulaurier's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Marlie Eddia Dulaurier, at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Marlie Eddia Dulaurier upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and as Personal Representative of the Estate of Marlie Eddia Dulaurier, deceased, and on behalf of Dr. Dulaurier's heirs, executors, administrators, successors or assigns,

does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Dr. Dulaurier resulting from, or alleged to have resulted from, the flu vaccination administered on or about December 11, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about November 24, 2014, and as amended on February 15, 2016, in the United States Court of Federal Claims as petition No. 14-1138V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Dr. Dulaurier to suffer GBS, TM, gastroparesis or any other injury other than anaphylaxis, or contributed in any way to her death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of the Estate of Marlie Eddia Dulaurier.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

WALESKA AUGUSTIN

**ATTORNEY OF RECORD FOR PETITIONER:**

TIMOTHY M. MAHLER ESQ.
Rourke & Blumenthal, LLP
495 S. High Street, Suite 450
Columbus, Ohio 43215
Tel: 614-220-9200

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
~~Acting~~ Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4122

Dated: 1/30/17