# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1138V
Filed: March 14, 2017

| | |
|---|---|
| * * * * * * * * * * * * * | |
| WALESKA AUGUSTIN *as personal representative of the Estate of* MARLIE EDDIA DULAURIER, | |
| Petitioner, | UNPUBLISHED |
| v. | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees and Costs |
| Respondent. | |
| * * * * * * * * * * * * * | |

<u>Timothy M. Mahler</u>, Rourke & Blumenthal, LLP, Columbus, OH, for petitioner.
<u>Glenn A. MacLeod</u>, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 24, 2014, Marlie Eddia Dulaurier ("Dr. Dulaurier") filed a petition pursuant to the National Vaccine Injury Compensation Program.2 42 U.S.C. §§ 300aa-10 to 34 (2012). Following Dr. Dulaurier's death on December 26, 2015, Waleska Augustin ("petitioner") filed an amended petition as personal representative of Dr. Dulaurier's estate. See Amended Petition, filed Feb. 15. 2016. Petitioner alleged that as the result of the administration of an influenza ("flu") vaccine on December 11, 2012, Dr. Dulaurier suffered anaphylaxis with vocal cord paralysis, Guillain Barré Syndrome ("GBS") and/or Transverse Myelitis ("TM"), gastroparesis, and death. Id. at 1-2. On January 30, 2017, the parties filed a stipulation stating that a decision should be entered awarding compensation. A decision awarding petitioner compensation pursuant to the terms of the stipulation was issued that same day.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

On February 24, 2017, petitioner filed a motion for attorneys' fees and costs, requesting $75,239.50 in attorneys' fees and $15,715.14 in attorneys' costs, for a total of $90,954.64 in attorneys' fees and costs.  Petitioner's ("Pet.") Application ("App.") at 4.  In accordance with General Order #9, petitioner states that she did not incur any costs related to the prosecution of this petition.  See Statement from Petitioner, filed Feb. 28, 2017.  Petitioner filed additional documentation in support of her requested costs on March 10, 2017.  See Pet. Exs. A-I.  Respondent filed a response to petitioners' application on March 13, 2017, stating that respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response at 3.

## I.   Reasonable Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  The determination of reasonable attorneys' fees and costs is within the special master's discretion.  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters may rely on their prior experience in reviewing fee applications.  See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502 at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Avera, 515 F.3d at 1347-48 (internal quotations omitted).  In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate unless the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum.  Id. at 1348-49 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The requirement that attorneys' fees be reasonable also applies to costs.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL

5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

### i. Hourly Rates

Petitioner requests the following hourly rates:

Timothy Mahler:
    2013: $275
    2014: $285
    2015: $300
    2016-2017: $310

Michelle Lanham (associate):
    2014-2015: $150

Kimberly Cecil (paralegal):
    2013-2017: $125

See generally Pet. App., Ex. 3.

Reasonable 2014-2015 forum rate ranges were recently set by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). In support of the requested rates, petitioner's counsel cites McCulloch forum rates. Counsel did not address the question of whether he is entitled to forum rates and did not submit evidence regarding prevailing rates in Columbus, Ohio, where his office is located. However, in Forde v. Sec'y of Health & Human Servs., No. 15-185V, 2016 WL 7670920 (Fed. Cl. Spec. Mstr. Dec. 16, 2016), the undersigned awarded forum rates to Simina Vourlis, a Columbus, Ohio, attorney, after determining that local Columbus rates were not very significantly different than local rates. 2016 WL 7670920, at *3 ("local rates in the Southern District of Ohio are well within the forum rate categories that were found reasonable in McCulloch")(citing Jones v. Sec'y of Health & Human Servs., No. 13-279V, 2016 WL 7233938 (Fed. Cl. Spec. Mstr. Nov. 18, 2016)). Accordingly, Mr. Mahler will be awarded forum rates.

Pursuant to McCulloch, the following ranges of forum rates are appropriate depending on an attorney's years of experience: $350 to $425 per hour for attorneys with more than 20 years of experience, $300 to $375 for attorneys with 11 to 19 years of experience, $275 to $350 per hour for attorneys with 8 to 10 years of experience, $225 to $300 per hour for attorneys with 4 to 7 years of experience, and $150 to $225 per hour for attorneys with less than 4 years of experience. McCulloch, 2015 WL 5634323, at *19. Paralegals were awarded $135 per hour. Id. at *21. Mr. Mahler has been licensed to practice law since 2005. Pet. App. at 7; Pet. App., Ex. 1. Accordingly, he currently has 12 years of experience. Prior to 2015, however, he had less than 10 years of experience. The rates billed by Mr. Mahler are on the low end of the appropriate McCulloch ranges for an attorney of his experience, and the undersigned finds them reasonable. Ms. Lanham was licensed to practice law in 2014 and has billed at the lowest McCulloch attorney rate, which the undersigned finds reasonable. Finally, the $125 per hour requested for

3

Ms. Cecil, who has been a certified paralegal since 1990, is also reasonable. See Pet. App. at 9; Pet. App., Ex. 2. The undersigned will award attorneys' fees at the requested rates.

### ii.  Hours Expended

Petitioner requests compensation for 311.30 hours of time. Pet. App. at 5; Pet. App., Ex. 3. As petitioner notes in her fee application, this case involved complex and unusual medical conditions and voluminous medical records. Pet. App. at 5. Petitioner has submitted a billing record describing the services performed, dates of service, and naming of the person providing the service and on review of petitioner's billing record, the undersigned finds the number of hours expended reasonable.

### iii.  Costs

Petitioner request $15,715.14 in attorneys' costs. Pet. App., Ex. 4 at 4. The requested costs consist primarily of the filing fee, the cost of medical records, expert costs, postage, and copying. See generally, Pet. App., Ex. 4; Pet. Exs. A-I (receipts and invoices for requested costs). The undersigned finds the requested costs reasonable, with the exception of the $2,062.50 in expert fees requested for Dr. Kenneth Gorson. Dr. Gorson's invoice shows that he billed a total of 2.75 hours for medical record review, literature review, and a phone consultation, at a rate of $750 per hour. Pet. Ex. E. To the undersigned's knowledge, no expert in the Program has been awarded more than $500 per hour to date. As no expert report from Dr. Gorson was filed in this case, the undersigned is unable to make any determination about the work performed by Dr. Gorson other than that he submitted an invoice for 2.75 hours. Accordingly, and recognizing the complexity of the case, Dr. Gorson's work will be compensated at a rate of $500 per hour. Thus, $687.50 will be deducted from petitioner's requested costs.

## II.  Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $90,267.14 reasonable.

Pursuant to 42 U.S.C. § 300aa-15(e), the undersigned awards attorneys' fees and costs as follows:

> **(1) A lump sum of $90,267.14 in the form of a check payable jointly to petitioner and petitioner's attorney, Timothy M. Mahler, of Rourke & Blumenthal, LLP, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

y

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master